IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STANLEY CHOATES | : | |
|     Plaintiff | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | NO. 01-CV-871 |
| WILLIAM A. HALTER, ET AL. | : | |
| | : | |
|     Defendants | : | |

**MEMORANDUM OPINION & ORDER**

GOLDEN, J.                                                                                                   MARCH 26, 2007

     Before the Court are plaintiff's objections to Magistrate Judge Arnold C. Rapoport's Report & Recommendation ("R&R") recommending granting defendants' motion for summary judgment. Judge Rapoport's R&R is approved and adopted for the reasons that follow.

FACTS & PROCEDURE

     Plaintiff appeals from a finding of the Social Security Commissioner, issued via an administrative law judge, that he was not disabled prior to October 2001. Plaintiff alleges disability since January 1994 due to sleep apnea, respiratory disorder, fatigue, hypertension, hypothyroidism, depression, back pain, and memory and concentration problems. (Tr. 11, 40, 64-66, 76, 106, 313-14). The ALJ found that plaintiff retained the residual functional capacity ("RFC") to perform light work activity reduced by the inability to climb ramps, ladders, ropes, and scaffolds, and the need to avoid hazards such as unprotected heights and moving machinery, and therefore he was not entitled to disability benefits.[1] (Tr. 16-17).

---

[1] If a claimant retains residual functional capacity he will be found not disabled. Schaudeck v. Comm'r of Social Sec. Admin., 181 F.3d 429, 431-32 (3d Cir. 1999).

## STANDARD OF REVIEW

In reviewing the decision of an ALJ, this Court must determine whether the decision was supported by substantial evidence.  See 42 U.S.C. § 405(g).  Substantial evidence means such evidence that a reasonable mind might accept as adequate to support a decision.  See, e.g., Richardson v. Perales, 402 U.S. 389, 407 (1971); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992).  The ALJ must consider all relevant evidence in the record and provide some accounting of what evidence he rejected and why he rejected it.  See, e.g., Adorno v. Shalala, 40 F.3d 43, 48 (3d Cir. 1994).  In determining whether the ALJ's decision was supported by substantial evidence, the Court may look at all evidence in the record, regardless of whether the ALJ cites to it in his decision.  See Richardson, 402 U.S. at 401.[2]

## PLAINTIFF'S OBJECTIONS

1.    Finding of Residual Functional Capacity

Plaintiff argues that the ALJ's finding that he retained RFC was not supported by substantial evidence.  Plaintiff focuses on the ALJ's decision not to credit the opinions of his treating physician, Dr. Leonard A. Winegard, and his examining physician, Dr. S.M. Iqbal, both of whom opined that plaintiff was completely disabled.

Conclusions regarding disability are reserved for the commissioner via the ALJ.  42 U.S.C. § 405(b)(1), 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1).  The ALJ is not required to give controlling weight to conclusory medical opinions, 20 C.F.R. § 404.1527(d), particularly when

---

[2] The Court must also ensure that the ALJ applied the proper legal standards in evaluating plaintiff's claim. Coria v. Heckler, 750 F.2d 245, 247 (3d Cir. 1984).  The Court will not discuss whether the ALJ applied the proper standard because plaintiff does not object to Judge Rapoport's treatment of that issue, and the Court adopts Judge Rapoport's analysis.

such opinions are not supported by objective evidence. Several of Dr. Winegrad's findings lack support in the record. For example, Dr. Winegrad states that plaintiff suffered from medication side effects that interfered with his ability to work, but Dr. Winegrad admitted that he never changed plaintiff's prescriptions. (Tr. 251). There is also no record of any psychological tests that may have produced objective evidence that plaintiff suffered from concentration problems severe enough to render him totally disabled. (Tr. 247-48, 207). Other findings are even contradicted. Although Dr. Winegrad states that plaintiff is unable to lift five pounds (Tr. 166), plaintiff himself admitted that he could carry up to forty pounds. (Tr. 320).

Dr. Iqbal was not a treating physician, but rather a psychological consultant on behalf of the Pennsylvania Bureau of Disability Determination. 20 C.F.R. § 404.1527. His opinion, like Dr. Winegrad's, is not grounded in objective medical evidence. Dr. Iqbal performed no psychological tests (Tr. 145-46), and appears to have merely relied on plaintiff's subjective complaints in making his finding. (Tr. 143-45). "Subjective complaints," however, are not the type of "medical signs and laboratory findings" sufficient to sustain a finding of total disability. See 20 C.F.R. §§ 404.1528, 416.928.

The existence of conflicting medical opinions provides supporting evidence for the ALJ's determination. Doctors A. Sinan Baran (Tr. 110-11, 116-17), Francis Lo (Tr. 117, 130), and Brad Rothkopf (Tr. 139) found that plaintiff had no significant inability to work due to his sleep apnea. Dr. Baran's opinion is of particular relevance because Dr. Baran provided plaintiff's initial treatment for sleep apnea in 1995. (Tr. 110). Dr. J.J. Kowalski also found that plaintiff "seldom" experienced disabling concentration deficiencies, and had no restrictions on the activities of daily living. (Tr. 154). Dr. Kowalski is a state agency medical consultant and

therefore considered a "highly qualified" expert on Social Security disability matters. 20 C.F.R. §§ 404.1527(f), 416.927(f). See also Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991) (relying in part on a state agency physician's opinion contradicting a treating physician's opinion). As an expert, Dr. Kowalski may possess a familiarity with Social Security disability requirements that doctors Winegrad and Iqbal do not.[3]

Having reviewed the ALJ's finding of RFC in light of the evidence in the record, the Court finds that the ALJ"s opinion was supported by substantial evidence.

2. Failure to Consider Plainitff's Obesity

Plaintiff alleges that the ALJ failed to take into account plaintiff's obesity in reaching his decision. The ALJ did not contest plaintiff's obesity (Tr. 10-17), however, and there is no requirement that an ALJ specifically discuss a plaintiff's obesity in his opinion. See Rutherford v. Barnhart, 399 F.3d 546, 552-53 (3d Cir. 2005). Moreover, the plaintiff did not suggest to the ALJ that his obesity prevented him from working (Tr. 29, 31-35, 57, 61, 76, 89-100, 102-03, 106, 288-91, 315-26, 338-50), and the medical evidence does not support such a proposition. It is therefore of no consequence that the ALJ did not explicitly discuss plaintiff's obesity.

3. Failure to Articulate Basis For Credibility Finding

Plaintiff alleges that the ALJ failed to sufficiently articulate the basis for his credibility finding concerning plaintiff's subjective reporting of symptoms. Credibility determinations regarding subjective symptoms are reserved for the ALJ. Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983). When evaluating the extent of a claimant's symptoms, the ALJ must

---

[3] Plaintiff's assertion that lack of familiarity with Social Security regulations is not a factor in evaluating a source's opinion is incorrect. See 20 C.F.R. §§ 404.1527(d)(6), 516.927(d)(6).

consider medical opinion evidence and the claimant's treatment history. 20 C.F.R. §§ 404.1529(c), 416.929(c). See also Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999) (applying sections 404.1529 and 416.929 in evaluating subjective symptoms). Plaintiff's subjective allegations must be supported by objective medical evidence. Id. See also §§ 404.1529(c)(2), 416.929(c)(2).

Plaintiff's work records do not support his claim of total disability. For example, plaintiff presents no attendance records or statements of supervisors to support his claim, and plaintiff admitted that he was usually able to keep up with his work and that he could concentrate for extended time periods. (Tr. 94).

Plaintiff's treatment history also supports a finding of not disabled. Dr. Baran diagnosed plaintiff with sleep apnea in 1995, and fitted him with a Continuous Positive Airway Pressure ("CPAP") unit. (Tr. 110). Dr. Baran found that use of the CPAP unit almost completely resolved plaintiff's daytime sleepiness. (Tr. 116). As the ALJ discussed, the treatment record indicates plaintiff's apnea issues in subsequent years arose from plaintiff's failure to use the CPAP unit regularly. (Tr. 13-14). There is also no indication that any physician considered switching plaintiff to a more aggressive course of therapy, which suggests that plaintiff's doctors believed his apnea would resolve with consistent use of the CPAP unit. While no physician indicates that the CPAP unit completely resolved plaintiff's apnea symptoms, a claimant need not be free of symptoms to be deemed not disabled. See Welch v. Heckler, 808 F.2d 264, 270 (3d Cir. 1986).

A review of plaintiff's medical opinions and treatment records thus reveals a lack of objective evidence supporting plaintiff's subjective claims, and indicates that treatment for

plaintiff's apnea would have been successful but for plaintiff's compliance with the prescribed treatment regimen. Given the record, the Court finds that the ALJ sufficiently articulated his credibility findings.

      An appropriate order accompanies this Memorandum Opinion.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STANLEY CHOATES | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | NO. 01-CV-871 |
| WILLIAM A. HALTER, ET AL. | : | |
| | : | |
| Defendants | : | |

## ORDER & JUDGMENT

AND NOW, this 26 day of March, 2007, it is hereby ORDERED that:

1. Plaintiff's Objections to Judge Rapoport's Report & Recommendation (Document No. 25) are OVERRULED.

2. Judge Rapoport's Report & Recommendation (Document No. 24) is APPROVED and ADOPTED.

3. Defendant's Motion for Summary Judgment (Document No. 21) is GRANTED.

4. Judgement is entered in favor of Defendants and against Plaintiff.

BY THE COURT:

/s/ Thomas M. Golden
THOMAS M. GOLDEN, J.